[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR MODIFICATION
CT Page 12461
A judgment of dissolution was entered in this matter on April 29, 1991 ending the twenty-five year marriage of the parties. At that time the defendant husband was ordered to pay the plaintiff wife fifty dollars per week alimony until she remarried or died.
By motion filed August 6, 2001, the defendant has moved for modification of the judgment to suspend, reduce or terminate the order of alimony because there has been a substantial and unforeseen change in circumstance of the parties and for a considerable period of time the plaintiff has been cohabiting with another person under circumstances which should result in a modification, suspension, reduction or termination of the order of alimony.
The motion was heard by the court on August 30, 2001 at which time both parties testified. Based on that testimony the court finds the following facts.
The plaintiff was employed by the University of Connecticut at the time of the divorce and is still employed there. She has worked there for thirty-five years. At the time of the dissolution she was earning a gross of approximately $445.01 per week and a net of $329.99 per week considering only deductions for taxes, retirement fund contributions, union dues, medical and life insurance premiums. Now she earns about $586.92 per week gross and nets $407.18. She claims on her financial affidavit an additional $200 in income from an unnamed source. Her expenses have increased over the last ten years from $345.71 per week to $426.50. Her debt has increased from $5294 to $27,626 plus a $10,000 credit union loan she pays by way of a $100 per week deduction from her pay check Her assets are substantially the same at between $4300 and $4500.
The plaintiff has lived with Robert Smith for almost the last eight years. She shares equally with him the rent, utilities and other living expenses.
The defendant is employed by Jarvis Realty as a maintenance man. His income from that and other employment and a pension from the State of Connecticut is approximately $596.98 gross per week and net about $467.19. At the time of the dissolution his net income was $498.00. He has remarried. His expenses have increased from $238.00 per week to $373.00. He has substantially reduced his debt since he has paid off the $7000 debt to the IRS he owed at the time of the dissolution. His assets have increased substantially from $500 to $15,000.[1]
CT Page 12462
Conn. Gen. Stat. § 46b-86 (a) permits modification of alimony where there has been a substantial change in circumstance. That same statute, in subsection (b), allows for the modification of alimony where the party receiving alimony is living with another person under circumstances which the court finds should result in such a modification "because the living arrangements cause such a change of circumstance as to alter the financial needs of that party. Under this provision a substantial change is not required, only a change. D'Ascanio v. D'Ascanio, 237 Conn. 481,486 (1996).
Viewing the circumstances of the parties as they exist now and as they were presented to the court over ten years ago at the time of the dissolution, there has not been a substantial change in circumstance of the parties, within the meaning of Conn. Gen. Stat. § 46b-86 (a), warranting a modification of the alimony award. If anything, the defendant, with his new found gambling winnings, is in a better position then he was at the time of the dissolution.
In addition, no evidence was presented, other then that the plaintiff and her partner share expenses, that her cohabitation has "altered her financial needs" within the meaning of Conn. Gen. Stat. § 46b-86
(b). The plaintiff's expenses and debts have increased, not decreased, over the years and she has not significantly increased either her income or her assets.
Therefore the motion for modification is denied.
Scholl, J.